IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WILLIAM JENSEN,

       Plaintiff,                    1:07 CV 1491 AWI WMW PC

   vs.                             FINDINGS AND RECOMMENDATION

JAMES YATES, et al.,

       Defendants.

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

      Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison.

      The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

1 | This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of
2 | his confinement. All three action were dismissed as frivolous, or for failure to state a claim upon
3 | which relief can be granted. Jensen v. Davis, 00 10438 (Central Dist.) Jensen v. Pete Wilson, et
4 | al., CV S 98 0396 WBS DAD P; Jensen v. Davis, et al., CV F 99 5431 REC SMS P. Plaintiff is
5 | therefore not entitled to proceed in forma pauperis unless he alleges facts indicating that he is in
6 | imminent danger of serious physical injury. Plaintiff alleges no such facts in this case. Plaintiff
7 | alleges that while he was housed at Pleasant Valley, prison officials took Plaintiff's property and
8 | discriminated against him.

Accordingly, Plaintiff was ordered to show cause why he his in forma pauperis status should not be revoked, and Plaintiff be directed to pay the filing fee in full. Plaintiff has filed a response to the order to show cause. In his response, Plaintiff restates the allegations of the complaint, but fails to allege specific facts indicating that he is in imminent danger of serious physical injury.

Therefore, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's grant of in forma pauperis status be revoked pursuant to 28 U.S.C. § 1915(g).

2. Plaintiff be directed to pay the $350 filing fee in full. Plaintiff's failure to do so will result in dismissal of this action for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's

findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     February 17, 2009**                         /s/  **William M. Wunderlich**
                                                                         UNITED STATES MAGISTRATE JUDGE